UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JULIAN POPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:24-CV-230-TAV-JEM |
| | ) | |
| WYNDHAM VACATION OWNERSHIP, | ) | |
| INC. and WYNDHAM VACATION | ) | |
| RESORTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This action is before the Court on periodic review.  On May 20, 2024, plaintiff filed

his petition [Doc. 1], which the Court denied without prejudice on grounds of subject

matter jurisdiction [Doc. 17].  In that order, the Court ordered plaintiff to file an amended

petition by no later than February 10, 2025 [*Id*.].  Additionally, the Court cautioned plaintiff

that failure to timely file an amended petition would result in dismissal of this case without

further notice [*Id*.].

The deadline set by the Court has passed, and plaintiff has failed to file an amended

petition or otherwise take any action in this case.  "District courts are empowered to dismiss

actions when a litigant fails to comply with a court order, or fails to prosecute a case."

*Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) (affirming district court's dismissal

of plaintiff's complaint due to his failure to comply with the court's order).  "When

evaluating whether to dismiss a case under Rule 41(b), a court must consider: (1) whether

the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the

adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id*. at 588 (quoting *Stough v. Mayville Cmty. Sch.,* 138 F.3d 612, 615 (6th Cir. 1998)).

The Court finds that plaintiff's failure to respond is due to willfulness, bad faith, or fault; that plaintiff was warned that failure to file an amended petition would lead to dismissal; and that the Court considered less drastic sanctions but found that they would be ineffective under these circumstances. *See Fuller*, 468 F. App'x at 588. In reaching this finding, the Court notes that its most recent order [Doc. 17] determined that, absent additional filings, it lacks subject matter jurisdiction, a fundamental prerequisite in order for the Court to hear a case. *See* Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

This case is thus **DISMISSED with prejudice** for failure to prosecute, failure to follow the Court's orders, and lack of jurisdiction. *See* Fed. R. Civ. P. 41(b); 12(h)(3). The Clerk of Court is **DIRECTED** to close this case. An appropriate order shall enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE